Filed 6/21/22 P. v. Patterson CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B313045 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA040726) |
| v. | |
| TRYNUN PATTERSON, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge. Reversed and remanded.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Trynun Patterson appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  We reverse and remand with directions.

# II. BACKGROUND

A.   *Conviction*

On May 3, 1999, defendant and three others robbed a jewelry and music store in Long Beach.  (*People v. Patterson* (Sept. 25, 2001, B143582) (*Patterson*), review granted and opn. ordered nonpub. Dec. 19, 2001, S101726.)  During the robbery, one of defendant's accomplices shot and killed the store owner Gary Kim.  (*Ibid.*)  Two days later, defendant was arrested for an unrelated crime.  (*Ibid.*)  After being interviewed by homicide detectives, defendant confessed to participating in the murder. (*Ibid.*)

On July 15, 1999, the Los Angeles County District Attorney (District Attorney) charged defendant and two codefendants by information with:  murder (§ 187, subd. (a); count 1), with a special circumstance allegation that the murder was committed while defendants were engaged in the crime of robbery (§ 190.2, subd. (a)(17)); second degree robbery (§ 211; counts 2, 3); and conspiracy to commit robbery (§ 182, subd. (a)(1); count 6).  The District Attorney also alleged that defendant personally used a handgun in the commission of the murder and robberies. (§ 12022.5, subd. (a)(1).)

---

[1]     Further statutory references are to the Penal Code.

2

On June 27, 2000, a jury convicted defendant on all counts and found true the allegation that he personally used a handgun in the commission of the robberies and murder.

On July 27, 2000, the trial court sentenced defendant to life without the possibility of parole plus four years for murder. (*Patterson, supra*, B143582.) The court also imposed two concurrent seven-year terms for the robberies. (*Ibid*.) Finally, it imposed a concurrent three-year term for conspiracy to commit robbery. (*Ibid*.) On September 25, 2001, a panel of this court affirmed the conviction, with directions for the trial court to amend the abstract of judgment to reflect that the sentences for counts 2 and 6 were stayed under section 654. (*Ibid*.)

B.      *Section 1170.95 Petition*

On January 17, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. Defendant declared that he was convicted of first degree murder under the felony murder rule or the natural and probable consequences doctrine and he could not now be convicted of first degree murder because of changes to sections 188 and 189. Defendant asserted that he was not a major participant in the felony and did not act with reckless disregard to human life. On May 14, 2019, the trial court appointed counsel to represent defendant.

On January 6, 2020, the District Attorney opposed the petition, arguing that defendant either intended to kill or was a major participant in the underlying felony who acted with reckless indifference to human life. The District Attorney also argued that the record of conviction proved beyond a reasonable doubt that defendant acted with malice aforethought.

3

On June 8, 2021, the trial court denied defendant's petition, concluding that the special circumstances finding rendered him ineligible for relief as a matter of law. Citing *People v. Allison* (2020) 55 Cal.App.5th 449, the court concluded that defendant had not made a prima facie showing that he was entitled to relief. This appeal followed.

## III.  DISCUSSION

A.    *Section 1170.95*

Section 1170.95, as amended by Senate Bill No. 775, "creates a procedure for convicted murderers [and attempted murderers] who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Where a petitioner files a section 1170.95 petition that contains all of the statutorily required information and requests counsel, the court must appoint counsel and order briefing. (*Id.* at p. 966.)

When briefing has been completed, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid.*)  Within 60 days of issuance of the order to show cause, the trial court shall hold a hearing "to determine whether the petitioner is entitled to relief." (§ 1170.95, subd. (d)(1) & (3).)  "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189

4

made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The trial court acts as the finder of fact when determining whether the prosecution has met its burden beyond a reasonable doubt. (See *ibid*.; *People v. Gentile* (2020) 10 Cal.5th 830, 855 ["section 1170.95 requires the superior court to determine on an individualized basis, after considering any new or additional evidence offered by the parties, whether the defendant is entitled to relief"].)

B.      *Special Circumstances*

Defendant contends the trial court erred by finding that the jury's special circumstance findings, made before *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) were decided, rendered him ineligible for section 1170.95 relief as a matter of law. This is a question of law that we review de novo. (*Lewis, supra*, 11 Cal.5th at p. 961.)

The Courts of Appeal are in disagreement regarding this issue, which is currently pending before the Supreme Court. (*People v. Strong*, (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606.) In the absence of a decision by the Supreme Court, we see no reason to depart from our prior conclusion that the special circumstances findings do not prevent defendant from making a prima facie showing that he is entitled to relief. (*People v. York* (2020) 54 Cal.App.5th 250, 257–263, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835 (*Smith*); *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179–1180, abrogated on other grounds by *Lewis, supra*, 11 Cal.5th at p. 963.)

5

C.    *Prima Facie Showing*

We next consider whether defendant has demonstrated a prima facie case for relief.  Here, defendant's jury was instructed that it could convict defendant of murder under either a felony murder or a natural and probable consequences theory. Defendant asserted in his petition that he was not a major participant in the felony and did not act with reckless disregard of human life.  The record on appeal of excerpts from defendant's trial does not demonstrate that defendant was precluded from relief as a matter of law.  (See *Patterson*, *supra*, B143582.) Defendant therefore met his prima facie burden to establish he was entitled to relief.  (See *People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

The Attorney General argues that we should follow *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490 (*Law*), and *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted November 18, 2020, S264978 (*Murillo*), which both held that a Court of Appeal should conduct a *Banks/Clark* analysis of the record at the prima facie stage to determine whether a defendant is ineligible for section 1170.95 relief.  (*Law*, *supra*, 48 Cal.App.5th at p. 822; *Murillo*, *supra*, 54 Cal.App.5th at p. 169.)  We adhere to our holding in *Smith*, *supra*, 49 Cal.App.5th at page 95, which rejected the Attorney General's argument.

The trial court erred in denying defendant's petition, and we will reverse and remand with instructions for the court to issue an order to show cause and hold a hearing pursuant to the resentencing statute.  (§ 1170.95, subd. (d)(3); *People v. DeHuff* (2021) 63 Cal.App.5th 428, 442.)

## IV.  DISPOSITION

The order denying the section 1170.95 petition is reversed. The matter is remanded with directions for the trial court to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing pursuant to section 1170.95, subdivision (d)(3).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

BAKER, Acting P. J.

MOOR, J.

7